UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

 1 2 -  5133

-------------------------------------------------------------------X

DWAINE NOEL,

Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER
ROSS GARNER, and OFFICER 'JOHN DOE",
A FICTITIOUS NAME INTENDED TO BE A  POLICE
OFFICER, EMPLOYEES OF THE NEW YORK
CITY DEPARTMENT EACH INDIVIDUALLY
AND AS POLICE OFFICERS OF THE NEW YORK
CITY POLICE DEPARTMENT,

Defendants.

-------------------------------------------------------------------X

Index No.:

COMPLAINT
JURY DEMAND

MAUSKOPF, J.

SCANLON, M.J.

Plaintiff, DWAINE NOEL, by and through his attorney, ALEXANDER M.

DUDELSON, ESQ., states as follows:

INTRODUCTION

1.      This is an action for the wrongful acts of defendants THE CITY OF NEW

YORK, POLICE OFFICER ROSS GARNER and "JOHN DOE" A FICTITIOUS NAME

INTENDED TO BE A POLICE OFFICER, AN EMPLOYEE OF THE NEW YORK CITY

POLICE DEPARTMENT INDIVIDUALLY AND AS A POLICE OFFICER OF THE NEW

YORK CITY POLICE DEPARTMENT, in violation of Plaintiff's rights secured by 42 U.S.C.

Section 1983 and the Constitution and laws of the United States.

2.      Plaintiff, DWAINE NOEL, alleges that beginning on or about February 10, 2012,

defendants committed wrongful and illegal acts against plaintiff, including falsely arresting

plaintiff, wrongly imprisoning plaintiff, maliciously prosecuting plaintiff, assaulting and battering plaintiff and/or negligently causing physical injury to plaintiff, using excessive force in effecting the arrest of plaintiff, intentionally and/or negligently inflicting severe emotional distress, and causing physical injury to his left eye and negligence in the hiring and retaining of incompetent and unfit officers, Detectives and Employees, negligence in the training and instruction, and supervision of its officers, and violating Plaintiff's Constitutional and civil rights.

## JURISDICTION

3.    This action is brought under 42 U.S.C section 1983 in conjunction with the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, and the Constitutional, statutory and common laws of New York State.

4.    Jurisdiction is invoked herein pursuant to the aforementioned statutory and Constitutional provisions pursuant to 28 U.S.C. Section 1331 and 1343, this being an action seeking to redress for the violation of the plaintiffs Constitutional and civil rights.

5.    Venue is proper in the United States District Court for the Eastern District of New York under 28 U.S.C. Section 1391(b) in that the incident arose in the Eastern District of New York.

6.    Plaintiff demands a trial by jury on each and every one of his claims as pled herein.

PARTIES

7.      At all times relevant hereto, plaintiff DWAINE NOEL, was and is a citizen of the

United States and resident of Kings County, in the City and State of New York.

8.      At all times relevant hereto, defendant THE CITY OF NEW YORK was and is a

municipality of the State of New York and owns, operates, manages, directs and controls the

New York City Police Department, which employs the other named defendants.

9.      At all times relevant hereto, defendant POLICE OFFICER ROSS GARNER was

at all times relevant to this action, an officer employed by the New York City Police

Department, and acting under the color of the law. Upon information and belief, Officer ROSS

GARNER was assigned to the 81st Precinct of the New York City Police Department, at the time

of the occurrences alleged in this complaint.  He is being sued in both his individual and official

capacities.

10.      At all times relevant hereto, "JOHN DOE", A FICTITIOUS NAME INTENDED

TO BE A POLICE OFFICER OF THE NEW YORK CITY POLICE DEPARTMENT, was at all

times relevant to this action, a police officer employed by the New York City Police Department,

and acting under the color of state law.  Upon information and belief, "JOHN DOE", A

FICTITIOUS NAME INTENDED TO BE A POLICE OFFICER OF THE NEW YORK CITY

POLICE DEPARTMENT was assigned to the 81st Precinct of the New York City Police

Department, at the time of the occurrences alleged in this complaint. He is being sued in both his

individual and official capacities.

11.    At all times relevant hereto and in all their actions described herein, the

defendants were acting under the color of the statutes, ordinances, regulations, policies, customs

and usages of the New York City Police Department, and New York City, pursuant to their

authority as employees, servants and agents of the New York City Police Department, within the

scope of employment and incidental to their otherwise lawful duties and functions as agents,

servants and employees.

12.    At all times relevant hereto, the CITY OF NEW YORK was responsible for the

training of its police officers, and more particularly, Defendants POLICE OFFICER ROSS

GARNER and "JOHN DOE', A FICTITIOUS NAME INTENDED TO BE A POLICE

OFFICER OF THE NEW YORK CITY POLICE DEPARTMENT, the unknown police officer

whose identity plaintiff intends to discover.

13.    At all times relevant hereto, the defendant CITY OF NEW YORK was negligent

in the hiring, training, supervision, discipline, retention and promotion of the agents, servants

and employees of the New York City Police Department.

14.    At all times mentioned herein, the defendant CITY OF NEW YORK, knew of or

should have known of the bias, bad judgment, abusive and violent tendencies and other unlawful

propensities of the officers involved in the violation of civil rights, assault and battery and/or

negligently causing physical injury, use of excessive force in effecting arrest, intimidation, false arrest, false imprisonment, malicious prosecution, intentional and/or negligent infliction of emotional distress of plaintiff DWAINE NOEL.

15.    The conduct and injuries complained of herein ensued without any negligent or culpable conduct on the part of the plaintiff DWAINE NOEL.

## CONDITIONS PRECEDENT

16.    On or about March 20, 2012, Plaintiff, DWAINE NOEL's Notice of Claim was duly filed with the Comptroller's Officer of the City of New York; said Notice was filed within (90) days after the causes of the action accrued. More than (30) days have elapsed since the filing of said notice and this matter has not been settled or otherwise disposed of.

17.    That plaintiff DWAINE NOEL and/or his attorney were served with a Notice for a 50-H hearing on April 2, 2012.

18.    On or about May 14, 2012, a 50-H hearing in the matter of the Claim of DWAINE NOEL against THE CITY OF NEW YORK AND THE NEW YORK POLICE DEPARTMENT was held at the office of Jane Barrett and Associates, LLC, 189 Montague Street, Suite 522, Brooklyn, New York 11201.

19.    Plaintiff DWAINE NOEL has duly complied with all of the conditions precedent to the commencement of this cause of action under the circumstances as set forth above.

## FACTUAL BACKGROUND

20.     At all times relevant to this action, Plaintiff DWAINE NOEL resided at 213 Spencer Street, Brooklyn, New York 11434.

21.     On or about February 10, 2012, at approximately 6:00 p.m., Plaintiff DWAINE NOEL entered the 81st precinct for purposes of retrieving the personal belongings of Oya Ajaga, a person in custody of the police.

22.     That Plaintiff DWAINE NOEL was provided with three vouchers by Police Officer "JOHN DOE," which Plaintiff executed for the purposes of obtaining the property.

23.     On or about February 10, 2012 at approximately 8:50 p.m., Plaintiff DWAINE NOEL was driven to the corner of Utica Avenue and Fulton Street for the purposes of dropping off Oya Ajaga's property at 774 Herkimer Street, Brooklyn, New York..

24.     That Plaintiff DWAINE NOEL parked his vehicle near the corner of Utica Avenue and Fulton Street, a few blocks distance from said residence.

25.     After walking approximately 30 feet from his vehicle, Plaintiff DWAINE NOEL was approached by two uniformed officers, POLICE OFFICER "JOHN DOE" and POLICE OFFICER ROSS GARNER.

26.     That, upon approaching Plaintiff, Police Officer "JOHN DOE" and Police Officer ROSS GARNER instructed Plaintiff to "come here."

27.     Thereafter, in response to the officers request, Plaintiff DWAINE NOEL responded "for what?" to which no response was given.

28.    Thereafter, Police Officer "JOHN DOE" and Police Officer ROSS GARNER ran into the person of Plaintiff DWAINE NOEL.

29.    That the Officers physical action caused Plaintiff DWAINE NOEL to trip onto the concrete pavement.

30.    Before having the opportunity to move from the floor, Defendant Police Officers "JOHN DOE" and ROSS GARNER jumped on the Plaintiff.

31.    Thereafter, Defendant Police Officer ROSS GARNER struck Plaintiff DWAINE NOEL twice with his fist on the left side of plaintiffs' face.

32.    Thereafter, Police Officer "JOHN DOE" subdued Plaintiff and ordered him to put his hands behind his back and placed restraints on his wrists.

33.    That Police Officer "JOHN DOE" transported the Plaintiff, on foot, to Defendant officers marked police vehicle.

34.    Thereafter, Police Officer "JOHN DOE" and Police Officer ROSS GARNER transported the Plaintiff to the 81st precinct.

35.    That Plaintiff was caused to be held in a cell at the 81st Precinct.

36.    That the Plaintiff was held at the 81st Precinct for approximately two hours prior to being advised of the charges against him.

37.     Defendant Police Officer Ross Garner advised the plaintiff he was going to be charged with burglarizing 210 Chauncey Street, Brooklyn, New York on February 10, 2012 at approximately 8:50 p.m.

38.     Upon information and belief, Defendant Police Officer Ross and Defendant Police Officer "JOHN DOE" did not conduct a line-up, show-up or photo array.

39.     That plaintiff DWAINE NOEL was charged with Burglary in the Second Degree in violation of New York Penal Law § 140.25, Burglary in the Third Degree, in Violation of New York Penal Law § 140.20, Grand Larceny in the Fourth Degree, in Violation of New York Penal Law § 155.30, Criminal Trespass in the Second Degree, in Violation of New York Penal Law § 140.15, Petit Larceny in Violation of New York Penal Law § 155.25, Criminal Possession of Stolen Property in the Fifth Degree in Violation of New York Penal Law § 165.40, Resisting Arrest in Violation of New York Penal Law § 205.30, and Trespass in Violation of New York Penal Law § 140.05.

40.     That the plaintiff DWAINE NOEL was arraigned by Judge Neil Firetog in the Criminal Court of the City of New York, County of Kings on February 12, 2012 at approximately 8:00 p.m..

41.     That on February 14, 2012, Judge Neil Firetog approved a bail condition of $5,000.00 bond or $5,000.00 cash.

42.     That Plaintiff was transported to Rikers Island.

43.     That Plaintiff posted bail and was released from custody at approximately 5:30

a.m. on February 15, 2012.

44.     On February 27, 2012 the criminal proceeding was dismissed and sealed by Judge

Alexander Jeong, in Part AP1F of the Criminal Court, County of Kings..

45.     As a direct and proximate result of the action of the Defendant's NEW YORK

POLICE DEPARTMENT, Police Officer "JOHN DOE" and Police Office ROSS GARNER,

Plaintiff DWAINE NOEL was physically assaulted resulting in physical injury to his left eye,

severe emotional distress and lost wages.

46.     As a direct and proximate result of the actions of the Defendant Police Officers,

Plaintiff DWAINE NOEL was falsely arrested without justification for the aforementioned

charges, all of which Plaintiff is wholly innocent of, in addition to causing the Plaintiff to be

imprisoned for approximately five days.

47.     Defendant Police Officers "JOHN DOE" and ROSS GARNER acted with malice

in arresting Plaintiff DWAINE NOEL on false charges and causing the plaintiff to be prosecuted

on charges the Defendants know are false.

48.     Defendant Police Officers "JOHN DOE" and ROSS GARNER brought charges

against Plaintiff DWAINE NOEL and purposely misused their Police powers and the courts to

arrest, harass, intimidate, assault and batter, imprison and prosecute Plaintiff for criminal charges

in an effort to immunize themselves for their unlawful, unconstitutional arrest of Plaintiff and

their use of excessive force and gratuitous act of violence against Plaintiff.

49.    To date, as a direct and proximate result of defendants actions, Plaintiff DWAINE

NOEL has suffered the loss of his liberty, physical assault and batter, and continues to suffer

physical and emotional pain, permanent damage to his good name, shame, degradation,

humiliation, indignity, stress, loss of personal security and liberty, serious mental anguish,

psychological and emotional distress, and various other physical and psychological injuries.

50.    As a direct and proximate result of defendant's actions, Plaintiff DWAINE NOEL

was arrested and detained for a time amounting to a period lasting approximately five days for

criminal charges without just cause.

51.    As a direct and proximate cause of defendant's actions, Plaintiff DWAINE NOEL

was deprived of his rights, privileges and immunities under the Fourth, Eighth and Fourteenth

Amendments to United States Constitution and the laws of the State of New York.

52.    Defendant CITY OF NEW YORK, as a matter of policy and practice, has with

deliberate indifference failed to adequately discipline, train or otherwise direct Police Officers,

including the defendant Police officers, with regard to the rights of residents, citizens, and

visitors to the United States of America, thereby causing the defendant officer in this case to

engage in unlawful conduct described above.

53.     Defendant CITY OF NEW YORK, as a matter or policy and practice, has with deliberate indifference failed to properly sanction or discipline Police Officers, including the defendants in this case, for violations of the constitutional rights of the person within its domain, thereby causing police, including defendants in this case, to engage in the unlawful conduct described above.

54.     Defendant CITY OF NEW YORK, in its policies and practices, has with deliberate indifference, failed to follow procedures for supervising and removing, when appropriate, unstable, malicious, violent, abusive, dishonest and biased Police Officers from there duties

55.     Defendant CITY NEW YORK, and the New York City Police Department, knew or should have known that prior to February 10, 2012, the perpetration of unlawful arrests, the use of excessive force, the commission of perjury and other malicious, violent and inappropriate unlawful acts by defendant officers were occurring, in that it believed that there may have been complaints of such unlawful conduct by these particular officers, but defendant CITY OF NEW YORK failed to take appropriate steps to eliminate such unlawful acts.

### FIRST CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS:
### THE EXCESSIVE USE OF FORCE
### (Defendant Police Officer ROSS GARDNER)

56.     Plaintiff, repeats and realleges the allegations contained in paragraphs 1-55 of this complaint, as though fully set forth therein

57.    On February 10, 2012 at approximately 8:50 p.m., at approximately a distance of

30 feet the corner of Utica Avenue and Fulton Street, the defendant POLICE OFFICER ROSS

GARDNER, without just cause or provocation and in violation of proper and appropriate police

conduct, and with maliciousness and violence, used excessive force in affecting the arrest of

plaintiff DWAINE NOEL such that plaintiff DWAINE NOEL was injured.

58.    That the defendants, their agents, servants and employees, acting as agents and on

behalf of the CITY OF NEW YORK and within the scope of their employment, intentionally and

maliciously used excessive force, beyond what any reasonable officer in the circumstances

would have used, while effecting an arrest of plaintiff DWAINE NOEL, and that no supervisor

or superior officer intervened to prevent the use of such excessive force.

59.    By reason of the aforesaid, plaintiff DWAINE NOEL suffered great physical

damage and pain, intimidation and fear, and conscious pain and suffering, and was otherwise

damaged.

60.    The acts and conduct of defendant POLICE OFFICER ROSS GARNER, as

alleged in the foregoing paragraphs constitute the excessive use of force in effecting an arrest in

violation of the Eighth Amendment to the United States Constitution and 42 U.S.C. Section

1983.

FIRST CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS:
THE EXCESSIVE USE OF FORCE
(Defendant Police Officer "JOHN DOE")

61.    Plaintiff, repeats and realleges the allegations contained in paragraphs 1-60 of this complaint, as though fully set forth therein

62.    On February 10, 2012 at approximately 8:50 p.m., at approximately 30  from the corner of Utica Avenue and Fulton Street, the defendant "JOHN DOE", without just cause or provocation and in violation of proper and appropriate police conduct, and with maliciousness and violence, used excessive force in affecting the arrest of plaintiff DWAINE NOEL such the plaintiff DWAINE NOEL was injured.

63.    That the defendants, their agents, servants and employees, acting as agents and on behalf of the CITY OF NEW YORK and within the scope of his employment, intentionally and maliciously used excessive force, beyond what any reasonable officer in the circumstances would have used, while effecting an arrest of plaintiff DWAINE NOEL, and that no supervisor or superior officer intervened to prevent the use of such excessive force.

64.    By reason of the aforesaid, plaintiff DWAINE NOEL suffered great physical damage and pain, intimidation and fear, and conscious pain and suffering, and was otherwise damaged.

65.    The acts and conduct of defendant " JOHN DOE", as alleged in the foregoing paragraphs constitute the excessive use of force in effecting an arrest in violation of the Eighth Amendment of the United States Constitution an 42 U.S.C Section 1983.

THIRD CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS:

## DEPRIVATION OF LIBERTY BY FALSE ARREST, FALSE IMPRISONMENT
### ( Defendant Police officer ROSS GARNER)

66.     Plaintiff repeats and realleges the allegations contained in paragraphs 1-65 of this

complaint as though fully set forth therein.

67.     The actions of defendant Police Officer ROSS GARNER, a member of the New

York City Police Department, and acting under the color of state law, deprived plaintiff

DWAINE NOEL of his rights, privileges and immunities under the laws of the Constitution of

the United States of America, in particular, the rights to liberty, to be secure in his person and

property, to due process under the law, and the concomitant rights to be free from false arrest,

false imprisonment and the intentional and/or negligent infliction of emotional distress.

68.     By these actions, the individual defendant has deprived plaintiff DWAINE NOEL

of his rights secured by the Fourth and Fourteenth Amendments to the United States

Constitution, in violation of 42 U.S.C. Section 1983, for which defendant is individually liable.

69.     As a result of the foregoing, plaintiff DWAINE NOEL was deprived of liberty,

sustained great emotional injuries, was subject to great humiliation, and was otherwise harmed,

damaged and injured.

### FOURTH CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS:
### DEPRIVATION OF LIBERTY BY FALSE ARREST, FALSE IMPRISONMENT
### (Defendant "JOHN DOE")

70.     Plaintiff repeats and realleges the allegations contained in paragraphs 1-69 of this

complaint as though fully set forth therein.

71.    The actions of defendant "JOHN DOE", a member of the New York City Police

Department, and under the color of state law, deprived plaintiff DWAINE NOEL of his rights,

privileges and immunities under the laws of the Constitution of the United States of America, in

particular the rights to liberty, to be secure in his person and property, to due process under the

law, and the concomitant rights to be free from false arrest, false imprisonment, and the

intentional and/or negligent infliction of emotional distress.

72.    By these actions, the individual defendant has deprived plaintiff DWAINE NOEL

of his rights secured by the Fourth and Fourteenth Amendments to the United States

Constitution, in violation of 42 U.S.C. Section 1983, for which defendant is individually liable.

73.    As a result of the foregoing, plaintiff DWAINE NOEL was deprived of liberty,

sustained great emotional injuries, was subject to great humiliation, and was otherwise harmed,

damaged and injured.

### FIFTH CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS
### (Defendant CITY OF NEW YORK)

74.    Plaintiff repeats and realleges the allegations contained in paragraphs 1-73 of this

complaint and though fully set forth therein.

75.    At all times material to this complaint, defendant CITY OF NEW YORK, acting

through its police department, the New York City Police Department, has in effect de facto

policies, practices, customs and usages that were a direct and proximate cause of the

unconstitutional conduct of the defendant officers.

76.    These policies, practices and customs include, inter alia, the use of excessive

force in making arrests, charging the plaintiff with nine (9) Counts under the New York Penal

Law when the police used excessive force in an attempt to cover up their wrongdoing.

77.    Upon information and belief, defendant CITY OF NEW YORK, failed to

effectively screen, hire, train, supervise and discipline its detectives, sergeants, officers and other

employees, including the defendant detectives, sergeant and employees herein, with respect to

their propensity to use their police power in an unduly aggressive and violent manner, and to

have a propensity to use excessive force in executing their police duties, and for their failure to

protect citizens from unconstitutional conduct of other detective, sergeants and employees,

thereby permitting and allowing the defendant detectives, officers, sergeants and employees

herein to be in a position to maliciously assault and batter the plaintiff, without cause or

justification, in a demonstration of the excessive force in effecting the arrest of plaintiff

DWAINE NOEL, that was so clearly grossly disproportionate under the circumstances, that it

amounted to an abuse of official power that shocks the conscience, and to otherwise cause them

injury and violate their constitutional rights, and/ or permit these actions to take place with their

knowledge and/or consent.

78.    Upon information and belief, defendant CITY OF NEW YORK maintained an

inadequate structure for risk containment and stress management relative to its detectives,

sergeants, officers and employees, and failed to create proper means of containing such risk and

managing such stress. Inter alia, the structure was deficient, at the time of selection of detective, sergeants, officers and employees and thereafter during their employment, in its ability to evaluate and exchange information within the command structure of the police department about the performance of individual detectives, sergeants, officers and employees; in its training of supervisory personnel to effectively and adequately evaluate performance of an officer or employee; and in its ability to otherwise put the command and/or staff structure on notice that an individual or individuals were at significant levels of risk to the public at large. The effect of this was to permit detectives, sergeants, officers and employees to function at levels of significant and substantial risk to the public in general.

79.     As a result of the foregoing conscious policies, practices, customs and/or usages, defendant CITY OF NEW YORK has permitted and allowed the employment and retention of individuals as detectives, sergeants, officers and employees whose individual circumstances place the public or segments thereof at substantial risk of being the victims of unlawful and/or unreasonable behavior. Such policies, practices, customs and/or usages are a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the injuries to the plaintiff therein.

80.     The acts of defendant CITY OF NEW YORK as set forth above in paragraphs 1-79 deprived plaintiff DWAINE NOEL of his rights, privileges and immunities under the laws and Constitution of the United States; in particular the rights to be secure in his person and

property, to due process under the law, and the right to be free from unlawful seizure, false arrest and false imprisonment, and from assault and battery, the excessive use of physical force intended to cause physical injury, and the intentional and/or negligent infliction of emotional distress.

81.    The acts and conduct of defendant CITY OF NEW YORK as set forth above in paragraphs 1-86 deprived plaintiff DWAINE NOEL of his rights, privileges and immunities under the laws and Constitution of the United States; in particular the right to be free from assault and battery, the excessive use of physical force intended to cause physical injury, and the intentional and/or negligent infliction of emotional distress.

82.    By these actions, defendant CITY OF NEW YORK has deprived plaintiff DWAINE NOEL of rights secured by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

83.    As a result of the foregoing, plaintiff sustained physical injuries, great emotional injuries, was subjected to extreme humiliation, and were otherwise harmed, damaged and injured.

### SIXTH CLAIM: CONSPIRACY TO VIOLATE CIVIL RIGHTS
### (All Defendants)

84.    Plaintiff repeats and realleges the allegations contained in paragraphs 1-83 of this complaint and though fully set forth therein.

85.     Defendants CITY OF NEW YORK, ROSS GARNER and "JOHN DOE", under the color of the law, conspired with each other to undertake a course of conduct to injure, oppress, threaten, harass and intimidate plaintiff DWAINE NOEL, denying him free exercise and enjoyment of the rights and privileges and equal protection of the law secured to him by the Constitution, including the rights to be free from excessive force.

86.     The aforementioned defendants, under the color of the law, conspired with each other to undertake a course of conduct to bear false witness and/or to bear false testimony and/or to produce false evidence in an effort, in violation of plaintiff DWAINE NOEL's constitutional rights including the right to due process, to have plaintiff wrongfully prosecuted for a crime that he did not commit.

## SEVENTH CLAIM: NEGLIGENCE UNDER THE LAWS OF THE STATE OF NEW YORK
(All Defendants)

87.     Plaintiff repeats and realleges the allegations contained in paragraphs 1- 86 of this complaint as through fully set forth herein.

88.     The injuries incurred by plaintiff DWAINE NOEL were due to the negligence of the defendants ROSS GARNER, "JOHN DOE" and the City of New York.

89.     As a result of the foregoing, plaintiff sustained great physical injuries, great emotional injuries, were subjected to extreme humiliation, and were otherwise harmed, damaged and injured.

## EIGHTH CLAIM: ASSAULT UNDER THE

LAWS OF THE STATE OF NEW YORK
(All Defendants)

90.     Plaintiff repeats and realleges the allegations contained in paragraphs 1-89 of this

complaint as though fully set forth herein. As a result of the foregoing conduct on the part of the

Defendants ROSS GARNER, "JOHN DOE" and the CITY OF NEW YORK, plaintiff was

placed in apprehension of imminent harmful and offensive bodily contact.

91.     As a result of the foregoing, plaintiff sustained great physical injuries, great

emotional injuries, and was subjected to extreme humiliation, and was otherwise harmed,

damaged and injured.

NINTH CLAIM: BATTERY UNDER THE LAWS OF THE STATE OF NEW YORK
(All Defendants)

92.     Plaintiff repeats and realleges the allegations contained in paragraphs 1-91 of this

complaint as though fully set forth herein.

93.     Defendants ROSS GARNER, "JOHN DOE" and the CITY OF NEW YORK

made offensive contact with plaintiff without privilege or consent.

94.     As a result of the foregoing, plaintiff sustained great physical injuries, great

emotional injuries, was subjected to extreme humiliation, and was otherwise harmed, damaged

and injured.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff DWAINE NOEL requests the following relief jointly and

severally as against all of the Defendants:

1.    Award compensatory damages in an amount to be determined at trial;

2.    Award punitive damages in an amount to be determined at trial;

3.    Disbursements, costs and attorney's fees; and

4.    For such other further relief that this court may deep just and proper under the

circumstances.

Dated: Brooklyn, New York
       October 12, 2012

_____
ALEXANDER M. DUDELSON, ESQ.
*Attorneys for Plaintiff*
26 Court Street - Suite 2306
Brooklyn, New York 11242
(718) 855-5100